FILED
9/12/2024 1:40 PM
Delia Sellers
District Clerk
Liberty County - 253rd District Court
Liberty County, TX
Jamey Brooks

CAUSE NO. 24DC-CV-01175

| | | |
|---|---|---|
| NORMA JOHNSON | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | LIBERTY COUNTY, TEXAS |
| | § | |
| | § | Liberty County - 253rd District Court |
| WAL-MART STORES TEXAS, LLC. | § | _______ JUDICIAL DISTIRCT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Plaintiff NORMA JOHNSON** ("Plaintiff," "Mrs. Johnson"), and complains of **Defendant WAL-MART STORES TEXAS, LLC.**, ("Walmart"), and for causes of action Plaintiff Mrs. Johnson respectfully shows as follows:

## I.
## DISCOVERY CONTROL PLAN AND INITIAL DISCLOSURE REOUEST

1. Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff Mrs. Johnson intends to conduct discovery under Rule 190.4, Level 3.

2. Pursuant to Rules 194.1 and 194.2(a) and (b) of the Texas Rules of Civil Procedure, Defendant is requested to make all required initial disclosures of the information or material described in Rule 194.2(b)(1-12), within thirty (30) days of service of this request, and to thereafter promptly and timely provide any supplements necessary to update disclosures.

## II.
## THE PARTIES AND SERVICE OF PROCESS

3. Plaintiff Mrs. Johnson, a natural person, is a resident and citizen of Shepherd, San Jacinto County, Texas.



Exhibit A

4. Defendant, WAL-MART STORES TEXAS, LLC., is a foreign corporation authorized to do business in the State of Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, at 1999 Bryan Street, #900, Dallas, Texas 75201.

## III.
## REQUEST PURSUANT TO RULE 28

5. To the extent that Defendant is conducting business pursuant to a trade name or assumed name not listed as a named party to this suit, then suit is brought against any such Defendant and, pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, Plaintiff Mrs. Johnson hereby demands that upon answer to this Original Petition, said Defendant answers in its correct legal and assumed name.

## IV.
## JURISDICTION AND VENUE

6. Pursuant to Tex. R. Civ. P. 47(b), jurisdiction is proper because this is a civil case in which the matter in controversy is within the Court's jurisdictional limits, pursuant to Article V, Section 8, of the Texas Constitution and Tex. Gov't. Code § 24.007(a) and (b).

7. Venue for this action properly lies in Liberty County, Texas, pursuant to the mandatory venue provisions of Tex. Civ. P. & Rem. Code §15.002(a)(1) and (3), because it is the county in which all or a substantial part of the events or acts or omissions and breaches giving rise to Plaintiff's claims occurred, and where the *situs* of the actionable acts and omissions of the Defendant at issue are located. Pursuant to Tex. Civ. P. & Rem. Code §15.006, such venue facts existed at the time Plaintiff Mrs. Johnson's causes of action herein asserted accrued.



Exhibit A

## V.
## TEX. R. CIV. P. 47(c) NOTICE AND DAMAGE DECLARATION

8. Pursuant to Tex. R. Civ. P. 47(c)(3) and (d), Plaintiff Mrs. Johnson gives notice that she herein seeks "monetary relief over $250,000 but not more than $1,000,000," and "judgment for all the other relief to which Mrs. Johnson deems herself entitled."

## VI.
## NATURE AND UNDERLYING FACTS OF THE CASE

9. On or about March 17, 2023, Plaintiff Mrs. Johnson was a business invitee shopping as a paying customer in Walmart's store located at 831 US-59, Cleveland, TX 77327.While so engaged in a permissible area of the establishment at issue, Mrs. Johnson suddenly and unexpectedly encountered a hazard of the floor. As a direct and proximate result of such dangerous condition, Plaintiff Mrs. Johnson tripped and fell sustaining serious injuries to her body and causing her to suffer significant consequential damages, ("Incident").

10. On best information and belief, Plaintiff Mrs. Johnson contends that such hazard was unreasonably dangerous and that WALMART's managers and employees either directly and negligently created such hazard and/or had actual and/or constructive knowledge thereof because such hazard had existed for a sufficient time for reasonably attentive managers and employees to discover such.

11. In negligently failing to discover such hazard and to thereafter mark such with appropriate safety cones, or signs and/or clean such up, WALMART's managers and employees violated established safety policies and procedures. Walmart had a duty to Plaintiff Mrs. Johnson to provide her with a reasonably safe shopping premises and to do such things a reasonable establishment owner and/or operator would be expected to do to fulfill such duty



Exhibit A

and to refrain from doing or failing to do those things which a reasonable store owner would not do in same or similar circumstances. WALMART violated such duty by negligent act or omission which such Defendant can and should be held liable.

12. Each and all of such negligent acts or omissions, individually or in concert, caused or substantially contributed to causing Plaintiff's injuries and damages for which she now sues based upon common law active negligence and/or premises liability, as those terms are understood in Texas law.

## VII.
## PLAINTIFF'S CAUSES OF ACTION

**A. Defendant's premises liability:**

13. Plaintiff Mrs. Johnson incorporates by reference the factual statements made in the above paragraphs as if fully set out herein.

14. There can be no question that Plaintiff Mrs. Johnson is an innocent victim in this case. At the time of the Incident, Mrs. Johnson was a business invitee of Defendant because she was shopping as a paying customer in Walmart's store and in a permissible section of said establishment when she tripped and fell and was injured. Consequently, her presence in the premises for the stated purposes was for the mutual benefit of both Plaintiff and Defendant.

15. Consequently, Walmart, by and through its managers and employee/agents/servants, owed Plaintiff Mrs. Johnson the duty to inspect their premises and maintain such in a reasonably safe manner. In particular, Walmart owed Plaintiff Mrs. Johnson the duty to inspect their property to discover unreasonably dangerous conditions of which it had actual and/or constructive knowledge and to either repair such or to clearly mark

such for the safety of its invitees. This was particularly true of such areas of the establishment which invitees such as Plaintiff Mrs. Johnson had no alternative but to use.

16. Walmart was the owner and/or operator of the subject premises and particular area thereof at issue located thereupon at the time of the Incident and Plaintiff Mrs. Johnson's consequent injury. Walmart had established safety policies their managers and employees were obligated to follow and comply with to make its premises reasonable safe for their customer invitees such as Plaintiff Mrs. Johnson. Walmart and its managers and employees had a duty to comply therewith and to make their premises reasonably safe. Their managers and employees negligently breached such duty and Walmart's negligence was the proximate cause of Plaintiff Mrs. Johnson's injury and consequent damages.

17. The unreasonably dangerous condition of the area of the store Plaintiff Mrs. Johnson was required to use posed an unreasonable risk of harm because it was manifestly foreseeable to Walmart and its managers and employees that if individuals such as Plaintiff Mrs. Johnson encountered such they could be severely injured.

18. Walmart by and through its managers and employee/agents/servants, were actionably negligent in the following particulars, including, but not limited to:

a. Walmart actually knew that business invitee shoppers such as Plaintiff Mrs. Johnson would be using the area of its store at issue to shop;

b. Walmart had established safety policies and procedures to make sure that its business invitees had a reasonably safe shopping experience, and its managers and employees had a duty to comply therewith in a good and workmanlike manner. Walmart and its managers and employees breach all of such in the following manner:

1. creating the unreasonably dangerous condition which injured Plaintiff, and/or;

2. negligently failing to detect such unreasonably dangerous condition after it had existed for a substantial period of time;

3. negligently failing to adequately mark such unreasonably dangerous condition so as to warn shoppers of its presence; and,

4. negligently failing to clean up such unreasonably dangerous condition before shoppers such as Mrs. Johnson could encounter it and become injured.

5. failing such, it was or should have been foreseeable to Walmart and its managers and employees that injuries such as those sustained by Plaintiff Mrs. Johnson in the Incident not only could but in likelihood would occur; and,

6. the stated dangerous condition existed long enough that Walmart and their managers and employees actually knew about or most certainly should have known about it and the dangers thereby posed to invitees such as Plaintiff Mrs. Johnson.

19. Defendant breached its duty of care by actually creating the unreasonably dangerous condition which injured Plaintiff. Alternatively, Walmart breached its duty of care by both failing to make the dangerous condition it actually knew about or reasonably should have known about reasonably safe and/or failing to adequately warn Plaintiff Mrs. Johnson of the dangerous condition in it premises. Each of the foregoing acts or omissions, taken alone or collectively, amount to premises liability by Walmart's and Plaintiff Mrs. Johnson foreseeably sustained damages as a proximate result of Walmart's actionable conduct and misconduct. Accordingly, Walmart is liable to Plaintiff Mrs. Johnson as a direct and proximate result of their premises liability, as that term is understood in Texas common law.

**B. Walmart's common law active negligence:**

20. Plaintiff Mrs. Johnson incorporates by reference the factual statements made in the above paragraphs as if fully set out herein.

21. At the time of the Incident and Plaintiff Mrs. Johnson's consequent injury, said Plaintiff was an invitee on Walmart's premises and, as such, Walmart had a duty to use ordinary care in maintaining its premises in a safe condition by inspecting, or ensuring the inspection of, the premises and the equipment located thereupon for any dangerous conditions and by making safe any latent defect or providing an adequate warning of any such defect.

22. Walmart owed to Plaintiff Mrs. Johnson and all other of their business invitees a duty to provide them with a reasonably safety premises upon which to enter and conduct their business with said Defendant. Walmart by and through its managers and employees/agents/servants, breached its stated duty of care by failing to reasonably inspect, or ensure the reasonable inspection of, the property for any dangerous conditions and by failing to make the dangerous condition(s) reasonably safe and/or by failing to adequately warn Plaintiff Mrs. Johnson of the dangerous condition at the subject establishment.

23. Walmart was guilty of common law active negligence in the following particulars:

a. creating the unreasonably dangerous condition which injured Plaintiff, and/or;

b. negligently failing to detect such unreasonably dangerous condition after it had existed for a substantial period of time;

c. negligently failing to adequately mark such unreasonably dangerous condition so as to warn shoppers of its presence; and,



Exhibit A

d. negligently failing to clean up such unreasonably dangerous condition before shoppers such as Mrs. Johnson could encounter it and become injured.

e. failing such, it was or should have been foreseeable to Walmart and its managers and employees that injuries such as those sustained by Plaintiff Mrs. Johnson in the Incident not only could but in likelihood would occur; and,

f. the stated dangerous condition existed long enough that Walmart and their managers and employees actually knew about or most certainly should have known about it and the dangers thereby posed to invitees such as Plaintiff Mrs. Johnson.

24. Each of these acts or omissions, taken alone or collectively, amount to negligence by Walmart and Plaintiff Mrs. Johnson sustained damages as a direct and proximate result of Walmart's negligent and actionable conduct. Accordingly, said Walmart is liable to Plaintiff Mrs. Johnson as a result of its common law active negligence.

## VIII. DAMAGES PROXIMATELY CAUSED BY WALMART'S NEGLIGENCE AND/OR PREMISES LIABILITY

**A. General damages of Plaintiff Mrs. Johnson:**

25. As a direct and proximate and/or producing cause of Walmart's negligence and/or premises liability, Plaintiff Mrs. Johnson has sustained mental and physical pain and suffering, mental anguish, loss of ability to enjoy the pleasures of life, loss of freedom from worry, anxiety and want, physical impairment, disfigurement, loss of household services and/or loss of capacity to perform household services, all of which in reasonable probability being permanent.

26. From the date of the incident in question until the time of trial of this case, the elements of damages to be considered separately and individually for purposes of determining



Exhibit A

the sum of money that will fairly and reasonably compensate Plaintiff Mrs. Johnson for each element are as follows:

a. The physical and mental pain and suffering Plaintiff has experienced from the date of injury up to the time of trial;

b. The mental anguish, loss of ability to enjoy the pleasures of life, and loss of freedom from worry, anxiety and want Plaintiff has suffered from the date of injury up to the time of trial;

c. The physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services she would ordinarily have been able to perform up to the time of trial;

d. The loss of loss of household services and/or loss of capacity to perform household services Plaintiff would ordinarily have been able to perform up to the time of trial; and,

e. The disfigurement Plaintiff has suffered from the date of injury up to the time of trial.

27. From the time of trial of this suit, the elements of damages to be considered which Plaintiff Mrs. Johnson will in reasonable probability sustain in the future beyond trial are such of the following elements as are shown by a preponderance of the evidence upon trial of this case:

a. The physical and mental pain and suffering Plaintiff will, in reasonable probability, suffer in the future beyond the date of trial;

b. The mental anguish, loss of ability to enjoy the pleasures of life, and loss of freedom from worry, anxiety and want Plaintiff will, in reasonable probability, suffer in the future beyond the date of trial;

c. The permanent physical impairment that Plaintiff will, in reasonable probability, continue to suffer in the future and the resulting inability to do those tasks and services that she ordinarily would have been able to perform in the future beyond the date of trial;



Exhibit A

d. The loss of loss of household services and/or loss of capacity to perform household services Plaintiff would ordinarily have been able to perform up to the time of trial; and,

e. The disfigurement that Plaintiff will, in reasonable probability, suffer in the future beyond the time of trial.

28. Because of all of the above and foregoing, Plaintiff Mrs. Johnson has been damaged and will be damaged in an amount within the jurisdictional limits of this Court.

**B. Medical damages of Plaintiff Mrs. Johnson:**

29. Further, as a direct, proximate and/or producing cause resulting from Walmart's negligence and/or premises liability, it was necessary for Plaintiff Mrs. Johnson to secure medical and hospital services, including drugs and other medication, and it is reasonably probable that she will require additional medical, hospital and drug services in the future beyond this date. Plaintiff Mrs. Johnson here now sues for an additional sum within the jurisdictional limits of this Court for past and future medical, hospital and drug services.

## IX.
## RULE 193.7 NOTICE

30. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff Mrs. Johnson hereby gives actual notice to Walmart that any and all documents produced by Walmart may be used against it at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## X.
## CLAIMS FOR PRE- AND POST-JUDGMENT INTEREST

31. In addition to the above and foregoing allegations, Plaintiff Mrs. Johnson further pleads that upon recovery of a judgment on the merits on any claim herein asserted



Exhibit A

in her favor, she is entitled to seek and further recover prejudgment interest at the highest rate allowed by law, together with post-judgment interest at the highest rate allowed by law until any such judgment is paid and satisfied in full.

## XI.
## RESERVATION OF RIGHTS

32. Each and all of Plaintiff Mrs. Johnson's foregoing factual and legal allegations are based upon current good faith knowledge, understanding and belief based upon direct personal knowledge and/or reasonable investigation. However, as Walmart disclosures are initially made and thereafter amended and/or supplemented and discovery herein proceeds, she expressly reserves the right to amend this, her Original Petition, to assert additional causes of action and/or damages to the extent they are revealed through the stated discovery herein, and/or to amend her foregoing factual and legal allegations consistently therewith.

## XII.
## JURY DEMAND

33. Pursuant to Tex. Const. art. V, § 10 and Tex. R. Civ. P. 216(a), Plaintiff Mrs. Johnson hereby respectfully demands trial by jury on all matters of fact and of each of her stated causes of action, elements of damage and claims for relief herein asserted. In conformity with Tex. R. Civ. P. 216(b), Plaintiff Mrs. Johnson will hereafter forthwith tender her jury fee, in the amount of $10.00, to the Clerk of this Court; and, she respectfully requests that upon tender of such payment the Clerk note the filing thereof among the docket entries herein and that this cause be placed on the jury trial docket. See *Wittie v. Skees,* 786 S.W.2d 464, 465 (Tex.App.- Houston [14th Dist.] 1990, writ denied)(right to a jury trial if a jury demand is made any time within a *reasonable time* before the date set for trial); *Cardenas v.*



Exhibit A

*Montfort, Inc.,* 894 S.W.2d 406, 407 (Tex.App.- San Antonio 1994, reh'g denied) writ denied, 924 S.W.2d 156 (Tex. 1996)(compliance with Rule 216 perfects right to jury trial).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mrs. Johnson prays that Walmart be cited in terms of law to appear and answer herein as the law directs, and that upon final hearing hereof, Plaintiff do have and recover judgment of and from the said Defendant an amount exceeding the minimum jurisdictional limits of the Court, inclusive of all past and future actual and compensatory damages proved by a preponderance of the evidence, plus pre-judgment interest thereon at the highest legal rate, costs of court, post-judgment interest at the highest rate permitted by law, and for such other and further relief, general and special, at law or in equity, to which Plaintiff Mrs. Johnson may show herself justly entitled to receive, including each of the following:

a. Lost household services, and benefits in the past and future;

b. Physical pain and suffering and mental anguish, mental distress, loss of freedom from worry, anxiety and want and loss of ability to enjoy the pleasures of life in the past and future;

c. Physical impairment in the past and future;

d. Medical expenses in the past and future;

e. Disfigurement in the past and future;

f. Pre-judgment interest at the highest rate permitted by Texas law;

g. Post-judgment interest at the legal rate on any judgment herein obtained;

h. Judgment against Defendant for a sum within the jurisdictional limits of this Court, not to exceed $1,000,000.00;

i. Taxable costs of Court; and,

j. Such other and further relief, actual or special, which Plaintiff Mrs. Johnson may have shown herself to be justly entitled to receive, whether at law and/or in equity.

Respectfully submitted,

**THE TODD LAW GROUP, PLLC**

By: /s/ Jeffrey N. Todd
Jeffrey N. Todd
State Bar No. 24028048
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
(832) 243-4953
(713) 583-7818 Facsimile
jeff@jefftoddlaw.com

ATTORNEY FOR PLAINTIFF
NORMA JOHNSON



Exhibit A

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dena Kana on behalf of Jeffrey Todd
Bar No. 24028048
dena@jefftoddlaw.com
Envelope ID: 91954650
Filing Code Description: PETITION
Filing Description: Plaintiff's Original Petition
Status as of 9/12/2024 2:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ana Argenal | | ana@jefftoddlaw.com | 9/12/2024 1:40:57 PM | SENT |
| Jeffrey N. Todd | | jeff@jefftoddlaw.com | 9/12/2024 1:40:57 PM | SENT |
| Dena Kana | | dena@jefftoddlaw.com | 9/12/2024 1:40:57 PM | SENT |
| Julie Rogers | | julie@jefftoddlaw.com | 9/12/2024 1:40:57 PM | SENT |
| Jeffrey Todd | 24028048 | jeff@jefftoddlaw.com | 9/12/2024 1:40:57 PM | SENT |

Exhibit A